United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL EMPLOYEES TRUST FUND and BOARD OF TRUSTEES OF GENERAL EMPLOYEES TRUST FUND,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>VICTORY BUILDING MAINTENANCE, INC.,<br><br>　　　　Defendants.<br>_____/ | No. C 06-6654 CW (MEJ)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

Before the Court is plaintiffs General Employees Trust Fund and Board of Trustees of General Employees Trust Fund's (collectively "Plaintiffs") Motion for Default Judgment, filed February 7, 2007. For the following reasons, the Court RECOMMENDS that the District Court GRANT default judgment against defendant Victory Building Maintenance, Inc. ("Defendant") and award Plaintiffs attorney fees and costs in the amount of $6,156.00.

## II. BACKGROUND

**A.    Factual Background**

Plaintiff General Employees Trust Fund ("Trust Fund") is a joint labor-management trust fund organized pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29

1 U.S.C. § 186, for the purpose of administering employee benefit plans within the meaning of
2 Sections 3 and 4 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002.
3 (Compl. for Audit Entry and for Damages at ¶ 5). Plaintiff Board of Trustees of General Employees
4 Trust Fund ("Board of Trustees") is the plan administrator of employee benefit plans within the
5 meaning of Section 3(3) of ERISA, a fiduciary within the meaning of Section 3(21)(A)(iii) of
6 ERISA, and the named fiduciary within the meaning of Section 402(a)(1) of ERISA. As a fiduciary,
7 Board of Trustees has a duty to Defendant's employees to collect funds for the benefit of said
8 employees, to invest and administer said funds, and to protect said funds from claims. (*Id.* at ¶ 6).

9 Defendant is an employer within the meaning of Sections 3 (5), (11), and (12) of ERISA and
10 an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA
11 (*Id.* at ¶ 7). Defendant is bound to a collective bargaining agreement with Service Employees
12 International Union Local 1877 and its employees. (*Id.* at ¶ 9). The terms of the Collective
13 Bargaining Agreement bind Defendant to a trust agreement establishing the Trust Fund. (*Id.* at ¶
14 10). By the collective bargaining agreement and the trust agreement (collectively "Agreements"),
15 Defendant agreed to pay fringe benefit contributions to Trust Fund in accord with the terms set forth
16 in the trust agreement. (*Id.* at ¶ 11). Correspondingly, the Agreements authorize and oblige Board
17 of Trustees to enforce Defendant's obligations to pay fringe benefit contributions to Trust Fund. (*Id.*
18 at ¶ 16).

19 Pursuant to the Agreements, Defendant agreed to permit an accountant designated by Board
20 of Trustees to access Defendant's books, records, papers, and other documents as necessary to
21 conduct an audit to determine the accuracy and sufficiency of Defendant's performance of its
22 obligation under the Agreements. (*Id.* at ¶ 17). Correspondingly, the Agreements authorize and
23 obligate Board of Trustees to adopt appropriate collection procedures to ensure Defendant's prompt
24 payments to Trust Fund and also to audit Defendant's books, records, papers, and other documents
25 when necessary to determine whether Defendant is performing its obligations under the Trust
26 Agreement. (*Id.* at ¶ 16).

2

Pursuant to the Agreements, Trust Fund demanded that Defendant submit to an audit for the period from February 1, 2004, through the date of the audit. (*Id.* at ¶ 19). By letter dated August 29, 2006, Plaintiffs notified Defendant of the books, records, papers, and other documents required by Trust Fund's accountant in order to perform the audit. (February 7, 2007, Masson Decl. ¶5). Plaintiffs allege that Defendant has refused to produce said documents. (Pls.' Compl. at ¶ 20). Plaintiffs further allege that because of Defendant's refusal, Trust Fund is unable to determine whether Defendant has fully met its obligations under the Trust Agreement. (*Id.* at ¶ 22).

Based on the above allegations, Plaintiffs seek an order compelling Defendant to submit to an audit and to produce all books, records, papers, and other documents requested by Trust Fund for the purposes of performing the audit as required by the Agreements. Furthermore, in accord with Defendant's agreement to pay all court costs and attorney's fees expended by Trust Fund in attempting to secure Defendant's compliance with the Agreements, Plaintiffs seek $5,581.00 in attorney's fees and $575.00 in legal costs, for a total amount of $6,156.00. (*Id.*)

**B.     Procedural Background**

On October 10, 2006, Plaintiffs filed a Complaint for Audit Entry and for Damages against Defendant.

On November 28, 2006, Plaintiffs served the Summons and Complaint upon Defendant by personal service. (Jan. 9, 2007 Masson Decl.)

On December 5, 2006, Plaintiffs' attorney advised Defendant by letter that its answer was overdue and that if an answer was not received within 10 days, Plaintiffs would "take" Defendant's default. (Jan. 9, 2007 Masson Decl., Ex. 2)

On January 10, 2007, the Clerk of Court entered default against Defendant pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a).

On February 7, 2007, Plaintiffs filed a Motion for Default Judgment against Defendant, as well as the Declaration of Elizabeth Masson in support thereof.

On March 29, 2007, the Court held a hearing on the matter. Elizabeth Masson and Diane

Sidd-Champion appeared on behalf of Plaintiffs.  Defendant failed to appear at the hearing and did not respond to Plaintiffs' motion.

### III. DISCUSSION

**A.      Jurisdiction**

When considering whether to enter a default judgment, a court has "an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.")   Here, the District Court has subject-matter jurisdiction pursuant to Section 501(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1) and Sections 301(a) and © of the LMRA, 29 U.S.C. §§ 185(a) and ©, which expressly grant federal district courts jurisdiction over any action arising under a claim for the recovery of an unpaid or delinquent employee benefit contribution.  Additionally, Defendant conducts its business within the Northern District of California and the events giving rise to this suit occurred within the Northern District of California; thus, the District Court has personal jurisdiction over Defendant.  Moreover, as Defendant was at all times a corporation, with its principal place of business located in West Sacramento and Sacramento, California, under 28 U.S.C. § 1391, venue is proper in the Northern District of California.

Second, in deciding whether to grant or deny a default judgment, a court must assess the adequacy of the service of process on the party against whom default is requested. *Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters*, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. 2001) (noting that, in deciding whether to grant or deny default judgment, a court must first "assess the adequacy of the service of process on the party against whom default is requested").  Here, Plaintiffs' agent served Defendant with the Summons and Complaint on November 8.  Furthermore, proper service of the Summons and Complaint is uncontested.  Thus, the service of process was adequate.

**B.      Legal Standard**

4

Federal Rule of Civil Procedure ("FRCP") 55(b)(2) permits a court, following a default by a defendant, to enter a final default judgment in a case. The court has discretion in determining whether to grant or deny a motion for entry of default judgment. *Draper v. Coombes*, 792 F.2d 915, 924 (9th Cir. 1986) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092-93 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one.")).

The Ninth Circuit has enumerated several factors which the court may consider in exercising its discretion as to whether an entry of default judgment is proper: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim and the sufficiency of the complaint; (3) the sum of money at stake; (4) the possibility of dispute concerning material facts; (5) whether default was due to excusable neglect; and (6) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-2 (9th Cir. 1986).

In applying this discretionary standard, the factual allegations contained in the plaintiff's complaint will be taken as true, except for those relating to the amount of damages. *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir.1987); *see also Kingvision Pay-Per-View, Ltd. v. Rivers*, 2000 WL 356378, *1 (N.D. Cal. 2000) ("Generally, upon an entry of default, the factual allegations of the plaintiff's complaint will be taken as true.").

Where a default judgment is granted, the scope of relief is limited by Federal Rules of Civil Procedure 54© and 55(d): "A judgment shall not be different in kind from or exceed in amount that prayed for in the demand for judgment [in the complaint.]"

**C.    Application to the Case at Bar**

1.    Prejudice to Plaintiffs

Under the first *Eitel* factor, this Court examines whether Plaintiffs will suffer prejudice if default judgment is not granted. *Eitel*, 782 F.2d at 1471-72. Here, the parties entered into a Collective Bargaining Agreement and a Trust Agreement obligating Defendant to pay fringe benefit contributions to Trust Fund and to submit to an audit for the purposes of establishing Defendant's performance of said obligation. Defendant breached this obligation by refusing to produce all

5

books, records, papers and other documents requested by Trust Fund's accountant pursuant to the Agreements. Because Defendant refused to produce the information requested, Trust Fund is unable to determine whether Defendant has fully met all of its obligations to report and pay fringe benefit contributions. Plaintiffs have potentially suffered damages not only in the delinquent amounts, but also in the amount of any interest that would have accrued had the funds been contributed on time. If default judgment is not entered, Plaintiffs will be left with no alternative recourse against Defendant and would be unable to collect the amounts owed. Thus, failure to grant Plaintiffs' motion for default judgement would result in substantial prejudice to Plaintiffs.

2.  Sufficiency of the Complaint and Likelihood of Success on the Merits

The second *Eitel* factor addresses the sufficiency of Plaintiffs' complaint and the probability of their success on the merits of their underlying claim. *Walters v. Statewide Concrete Barrier, Inc.*, 2006 WL 2527776, at *4 (N.D. Cal. 2006) ("A party seeking default judgment must state a valid claim upon which it may recover."). Here, Plaintiffs' Complaint alleges all the facts necessary to establish the elements of their claim. Plaintiffs brought the underlying ERISA claim pursuant to 29 U.S.C. § 1132(g), which grants the fiduciaries of an ERISA employee-benefits fund a federal cause of action to enforce the employer's failure to meet its obligations to make ERISA contributions. To prevail on a claim for unpaid ERISA contributions, a plaintiff must prove that: (1) the trust funds are a qualified multi-employer plan as defined by 29 U.S.C. § 1002(37); (2) the defendant is an employer obligated to contribute under the plan's terms; and (3) the defendant failed to contribute in accordance to the plan. *Board of Trustee of the Sheet Metal Workers Health Care Plan of N. CA v. Gervasio Environmental Systems*, 2004 WL 1465719, at *2 (N.D. Cal. May 21, 2004); *Walters*, 2006 WL 2527776, at *6.

As to the first prong of the *Gervasio Environmental Systems* test, the Trust Agreement is a multi-employer plan to which more than one employer is required to contribute and which is maintained pursuant to one or more collective bargaining agreements between one or more employee organizations and more than one employer. Thus, the Trust Agreement is a qualified

multi-employer plan as defined by 29 U.S.C. § 1002(37).

As to the second prong, by the Agreements, Defendant agreed to pay fringe benefit contributions to plaintiff Trust Fund in accordance with the terms set forth in the Trust Agreement. (Pls.' Compl. at ¶ 5). Thus, Defendant is an employer obligated to contribute under the plan's terms.

As to the third prong, Plaintiffs' Complaint establishes Defendant's failure to meet its contractual obligation to allow Trust Fund to perform an audit. Thus, under *Gervasio Environmental Systems,* Plaintiffs have demonstrated that they are entitled to recover unpaid ERISA contributions. In sum, Plaintiffs have adequately demonstrated a substantial likelihood of success on the merits of their underlying claim.

### 3. The Sum of Money at Stake in the Action

The third *Eitel* factor assesses the reasonableness of the potential award if a default judgment is entered against Defendant. The Court must take into account the amount of money at stake in relation to the seriousness of the defendant's conduct. *Eitel,* 782 F.2d at 1471. If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, properly documented, and contractually justified, then default judgment is warranted. *Board of Trustees of Cal. Metal Trades v. Pitchometer Propeller*, 1997 WL 797922, at *2 (N.D. Cal. 1997).

In the instant action, the remedy sought by Plaintiffs is limited to the damages that would be reasonably expected to put Plaintiffs in the same position had Defendant fulfilled its contractual obligations. These damages include (1) an audit proving the extent, if any, of unpaid monies owed by Defendant to Trust Fund under the terms of the Bargaining Agreement, and (2) contractually based attorney's fees and other expenses equaling the cost to Plaintiffs of enforcing their entitlements. Given Defendant's refusal to perform its obligation to allow Trust Funds' accountant access to its books and records, such resulting damages are reasonable and would naturally be expected to flow from Defendant's breach of contract. Thus, the damages are reasonable, documented, and contractually justified.

Generally a court has great discretion in determining damages. However, any award in an

7

ERISA action to collect delinquent contributions must be governed by 29 U.S.C. § 1132, which circumscribes the latitude given to courts in structuring an appropriate remedy. If the court enters a default judgment in favor of the plaintiff, an award under this section is mandatory, not discretionary. *Northwest Administrators, Inc. v. Albertson's Inc.*, 104 F.3d 253, 257 (9th Cir. 1996) (citing 29 U.S.C. § 1132(g)(2)). A judgment in favor of the plaintiff pursuant to 29 U.S.C. § 1132(g)(2)(D) and (E) includes "reasonable attorney's fees and cost of the action, to be paid by the defendant," and "such other legal or equitable relief as the court deems appropriate." *Id.*

To be entitled to a mandatory award under § 1132(g)(2), the following three requirements must be satisfied: (1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award *Northwest Administrators,* 104 F.3d at 257.

In the instant case, Defendant is delinquent in the performance of its contractual obligations. Second, for the reasons contained herein, this Court recommends that the District Court enter judgment against Defendant. Third, the Agreements contain specific provisions providing for employer liability for all court costs and attorney's fees incurred by the Plaintiffs in compelling Defendant to submit to an audit. (Pls.' Compl. Ex. 1, Restated Trust Indenture Providing For General Employees Trust Fund § 7.7). Therefore, because all the conditions necessary for an award under § 1132(g)(2) are satisfied, Plaintiffs are entitled to a mandatory award under § 1132(g)(2).

Having determined that statutory damages are appropriate, the Court must determine the propriety of the monetary amount requested. While the factual allegations in the complaint are taken as true, the same presumption does not apply to the allegation of damages. *TeleVideo Systems, Inc.,* 826 F.2d at 917. As a result, Plaintiffs have the burden of proving the damages they have purportedly sustained. *Board of Trustees of Pipe Trades Dist. Council No. 36 v. Drexal Power, Inc.*, 2004 WL 1753369, at * 1-2 (N.D. Cal. 2004).

Here, the only monetary damages that Plaintiffs request are $5,581.00 in attorney's fees and $575.00 in costs. (Feb. 7, 2007 Masson Decl. at ¶¶ 6-8). Thus, the Court finds Plaintiffs have met

8

their burden of proof with respect to the amount of monetary damages requested by providing the Court with precise calculations concerning attorney's fees and costs.

### 4. Possibility of Dispute Concerning Material Facts

The fourth *Eitel* factor considers the possibility of dispute as to any material facts of the case. Here, Plaintiffs sufficiently allege all the facts necessary to maintain their claim for relief under ERISA. Since Defendant has made no attempt to challenge the accuracy of the Complaint, no dispute of material fact exists that would preclude the District Court from granting Plaintiffs' motion for default judgment.

### 5. Possibility of Excusable Negligence

The fifth *Eitel* factor contemplates the possibility that Defendant's default was the result of excusable neglect. Under this analysis, the Court considers whether Defendant was put on adequate notice to apprise them of the pendency of the action brought against it. *Phillip Morris USA, Inc. v. Castworld Products*, Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). In addition, the Court also considers whether the circumstances surrounding Defendant's failure to answer the complaint are sufficient to excuse or justify its default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (Default cannot be attributed to excusable neglect where defendants were properly served with the complaint, the notice of entry of default, and the papers in support thereof).

In the instant case, Defendant was properly served with both the Complaint and the Notice of the Motion for Default Judgment. (January 9, 2007, Decl. Of Elizabeth Masson at ¶ 5). Defendant is an ongoing business that has not entered into bankruptcy or dissolved as a corporate entity. Consequently, Defendant had the ability and every reasonable opportunity to oppose the underlying action and there are no grounds on which the Court can find that the default resulted from excusable neglect.

### 6. Policy for Deciding on the Merits

Under the final *Eitel* factor, the Court must consider the strong policy of the federal courts in

9

favoring decisions on the merits. However, this policy is not dispositive; rather, the Court still has great latitude in exercising its discretion with regards to the relative weight of the remaining *Eitel* factors. *PepsiCo, Inc. v. California Security Cans,* 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002). Furthermore, the "defendant's failure to answer the plaintiff's complaint makes a decision on the merits of a case impractical, if not impossible." *Id*. As a consequence, the policy of favoring decisions on the merits does not necessarily preclude a court from granting a default judgment when the defendant fails to respond. *Walters*, 2006 WL 2527776, at *6. Here, Defendant has refused to participate in the proceedings brought against it, despite adequate notice and opportunity to do so. Thus, default judgement is appropriate despite the strong policy of the federal courts in favoring decisions on the merits.

## IV.  CONCLUSION

Based on this analysis, the Court RECOMMENDS that the District Court GRANT Plaintiff's Motion for Default Judgment, award damages in the amount of $6,156.00, and order Defendant to submit to an audit for the period from February 1, 2004, to the date of the audit, and to produce all records necessary to determine whether Defendant has fully met all of its obligations to report and pay fringe benefit contributions to Plaintiffs for all work performed by its covered employees.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 10 days after being served.

**IT IS SO RECOMMENDED.**

Dated: April 11, 2007

MARIA-ELENA JAMES
United States Magistrate Judge

10