United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

GENERAL EMPLOYEES TRUST FUND and
BOARD OF TRUSTEES OF GENERAL
EMPLOYEES TRUST FUND,

    Plaintiffs,

  v.

VICTORY BUILDING MAINTENANCE, INC.,

    Defendant.
    /

No. C 06-6654 CW

ORDER ON PLAINTIFFS' MOTION TO AMEND THE JUDGMENT TO ADD JUDGMENT DEBTORS

Plaintiffs General Employees Trust Fund and its board of trustees move to amend the judgment to add Victory Building Materials, Inc. and VICTORYBUILDINGMATERIALSINC (collectively VB Materials) as judgment debtors. The Court entered default judgement in favor of Plaintiffs on May 2, 2007.[1]

Federal Rule of Civil Procedure 69(a) provides,

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in

---

[1] Although Federal Rule of Civil Procedure 59(e) generally requires any motion to alter or amend the judgment to be filed within ten days of the entry of judgment, the Ninth Circuit has held that motions that do not go to the merits of the case are not subject to the restrictions of Rule 59(e). Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir. 1998) (citing White v. N.H. Dep't of Employment Sec., 455 U.S. 445, 451 (1982)). Plaintiffs' motion does not go to the merits of the case.

aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Under California Code of Civil Procedure § 187, a trial court has the authority to amend a judgment to add a judgment debtor that is a successor of the original judgment debtor, if the successor is liable for the acts of its predecessor. McClellan v. Northridge Park Townhome Owners Ass'n, 89 Cal. App. 4th 746, 753-55 (2001). Therefore, Plaintiffs argue that additional judgment debtors may be added to the judgment based on the federal successorship doctrine, under which a successor employer may be held liable for the contractual obligations of its predecessor. However, it appears that it is the state, rather than federal, successorship law that applies. See, e.g., Katzir's Floor and Home Design, Inc. v. M-MLS.COM, 394 F.3d 1143 (9th Cir. 2004) (applying California law to determine whether proposed additional judgment debtors were successors to original defendant); Butler v. Adoption Media, LLC, 486 F. Supp. 2d 1022 (N.D. Cal. 2007) (same).

Having considered Plaintiffs' papers and good cause appearing therefor, the Court hereby orders that, within two weeks, Plaintiffs shall file a supplemental memorandum of points and authorities addressing whether federal or state law controls the question of successor liability and providing any argument in support of a finding that VB Materials has assumed Defendant's liabilities under state law. Plaintiffs shall also file any additional declarations and exhibits necessary to support their state law arguments. The hearing scheduled for January 24, 2008 is

United States District Court
For the Northern District of California

hereby VACATED.  The matter will be decided on the papers unless the Court sets a hearing.

IT IS SO ORDERED.

Dated: 1/15/08

CLAUDIA WILKEN
United States District Judge